**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

|  |  |
|---|---|
| THE SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, on behalf of Denver Metro Fair Housing Center,<br><br>Petitioner,<br><br>v.<br><br>DAVID B. WELCH, et al.,<br><br>Respondents. | No. 21-9595<br>(HUD No. 19-AF-0187-FH-019)<br>(Department of Housing & Urban Development) |

_____

**ORDER AND JUDGMENT**
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner, the Secretary of the U.S. Department of Housing and Urban Development ("HUD"), filed a Petition for Enforcement of Agency Order under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, on November 16, 2021. Respondents were served with the Petition and related documents on January 8, 2022, and were ordered to respond and enter their appearances by January 31, 2022. To date, Respondents have not responded to the Petition or entered their appearances.

IT IS ORDERED:

The Petition for Enforcement of Agency Order is GRANTED.

Pursuant to 42 U.S.C. § 3612(k)(1), Respondents are hereby directed to comply with all terms of the attached Initial Decision and Consent Order ("Consent Order") entered by the administrative law judge, with the following modifications and additional terms:

1. Within 60 days of entry of this Order and Judgment, Respondents must provide proof to Petitioner that the remaining $300 owed to Denver Metro Fair Housing Center ("DMFHC") was delivered to the following address:

> Denver Metro Fair Housing Center
> c/o Veronica Barela
> 3280 Downing Street, Suite B
> Denver, Colorado 80205

2. Within 60 days of entry of this Order and Judgment, each Respondent is ordered to provide Petitioner and counsel for Petitioner a declaration in compliance with 28 U.S.C. § 1746 certifying that:

a. Respondent has read the Consent Order;

b. Respondent understands the term of the Consent Order, and in particular, that Respondent has read and understands Respondent's continuing obligations under Paragraphs 25 through 31 of the Consent Order; and

c. Respondent intends to comply with Paragraphs 25 through 31 for the duration of the three-year term of the Consent Order.

3. Under Paragraph 36 of the Consent Order, the Effective Date is modified to be the latest date of Respondents' *first* submission to Petitioner of the following documents: a) the Advertising Log under Paragraph 27 of the Consent Order; b) the Inquiry Log

2

under Paragraph 28 of the Consent Order, or c) the Tenant Log under Paragraph 29 of the

Consent Order.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

By: Candice Manyak
    Counsel to the Clerk

UNITED STATES OF AMERICA
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF HEARINGS AND APPEALS

| | |
|---|---|
| The Secretary, United States Department of Housing and Urban Development, on behalf of:<br><br>DENVER METRO FAIR HOUSING CENTER,<br><br>Complainant,<br><br>v.<br><br>DAVID B. WELCH, JOHN H. WELCH, and RUTH E. WELCH<br><br>Respondents. | 19-AF-0187-FH-019 |

**INITIAL DECISION AND CONSENT ORDER**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 29, 2019 the complainant, Denver Metro Fair Housing Center ("Complainant"), filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging that Respondents John H. Welch ("Respondent J. Welch"), David B. Welch ("Respondent D. Welch"), and Ruth Welch ("Respondent R. Welch"), (collectively "Respondents"), discriminated against families with children in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "Act"). The Complaint was amended on April 25, 2019 to add Respondent D. Welch as an additional owner, Respondent R. Welch as the owner's agent, and to correct the property address.

HUD determined that there was reasonable cause to believe that discriminatory housing practices had occurred based on familial status. On August 15, 2019, HUD issued a Charge of Discrimination (the "Charge") pursuant to a Determination of Reasonable Cause that the Act had been violated.

None of the parties involved in this matter have elected to have their claims decided in a civil action. An administrative hearing was scheduled to commence on February 4, 2020. To date, there has been no factual finding or adjudication with respect to any matter alleged by the Charging Party or Complainant. The parties have entered into this Initial Decision and Consent Order ("Consent Order") to avoid the risks, expenses, and burdens of

litigation and to voluntarily resolve the claims in the Charge of the Respondents' alleged violations of federal fair housing laws. Respondents deny that they violated the Act as alleged in the Charge but agree to settle the claims in the underlying action strictly for the purpose of avoiding the costs and uncertainty of litigation. The entry of this Consent Order shall not be deemed as an admission of fault or liability by Respondents, and Respondents expressly deny any such fault or liability.

## II.    GENERAL PROVISIONS

1.    The parties acknowledge that this Consent Order is a voluntary and full resolution of the disputed complaints. No party has been coerced, intimidated, threatened, or in any way forced to become a party to it.

2.    The parties acknowledge that the terms set forth herein are contractual and not merely a recital of the parties' intentions. The parties acknowledge that they have read and fully understand the significance of the provisions of this Consent Order and their obligations hereunder.

3.    The parties agree that in the interest of a prompt conclusion of this matter, the execution of this Consent Order may be accomplished by the parties' signatures on separate pages of this Consent Order, with the original executed Signature Pages to be attached to the body of the Consent Order to constitute one document.

4.    The signature of the parties to this Consent Order may be executed by way of electronic means and shall be deemed to be an executed and admissible Consent Order for all purposes as may be necessary under the terms of this Consent Order.

5.    The parties agree the Charging Party will file a Joint Motion for Issuance of Initial Decision and Consent Order, and the Initial Decision and Consent Order, after this Consent Order is executed by all of the appropriate parties.

6.    The parties acknowledge this Consent Order will become the final agency decision 30 calendar days from the date it is issued by the HUD Administrative Law Judge ("HUD ALJ") or earlier, if affirmed by the Secretary within that time. 24 C.F.R. § 180.680(b)(2).

7.    This Consent Order is binding upon Respondents, their employees, successors, agents, assigns, and all others in active concert with them in their residential housing operations.

8.    This Consent Order is full settlement of all claims by the Complainant in all ways related to the allegations set forth, or which could have been set forth, in the subject Charge of Discrimination.

9.    The parties consent to jurisdiction by the HUD's Office of Hearings and Appeals over the subject matter contained in the Charge and any items or issues related to the contents or obligations contained within this Consent Order.

2

10. This Consent Order does not in any way limit or restrict HUD's authority to investigate any other unrelated complaints involving Respondents made pursuant to the Act, or any other complaints within HUD's jurisdiction which are not addressed by this Consent Order.

11. It is understood that this Consent Order shall be a public document.

12. All references to "days" in this Consent Order shall mean calendar days unless otherwise stated.

## III. BACKGROUND

### Parties

13. According to its published mission statement, Complainant is a non-profit fair housing organization "dedicated to eliminating housing discrimination and promoting housing choice for all people through education, advocacy, and enforcement of fair housing law." Complainant's services include promoting equal access to housing for families with children throughout Colorado, including Gunnison County where the Subject Property is located.

14. The property, known as the Westwood Cove Condominiums (the "Subject Property"), is located at 1412 West Gunnison Avenue, Gunnison, Colorado 81230. The Subject Property is a "dwelling" within the meaning of the Act. 42 U.S.C. § 3602(b).

15. Respondent J. Welch and Respondent D. Welch are the owners of record; Respondent R. Welch is currently the owner's agent responsible for managing the Subject Property.

### Complainant's Complaint

16. Complainant alleges that Respondents made unavailable and/or denied dwellings to families with children. Complainant also alleges that Respondents made statements involving the rental of a dwelling unit that indicated a preference to not rent to families with children.

## IV. RELIEF FOR COMPLAINANT

17. Respondents shall pay a total of $800 to Complaints as follows:

   a. Within 20 days of the Effective Date of this Consent Order, Respondents shall make a payment of $200 to Complainant.

3

b. Respondents shall make six additional payments of $100. Payments will be made in the amount of $100 every 30 days after the initial payment of $200.

c. All payments shall be made by money order, cashier's check, or certified check payable to "Denver Metro Fair Housing Center" sent via overnight delivery or certified mail, return receipt requested to:

> Denver Metro Fair Housing Center
> c/o Veronica Barela
> 3280 Downing Street
> Denver, Colorado 80205

## V.    RELIEF IN THE PUBLIC INTEREST

### Injunction from Discrimination

18. Respondents and Respondents' agents, employees, successors, members, assigns, and all other persons in active concert or participation with them, are hereby enjoined from:

a. Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of familial status, as proscribed by the Fair Housing Act, 42 U.S.C. § 3604(a);

b. Discriminating against any person in the terms, conditions, or privileges of a sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of familial status, as proscribed by the Fair Housing Act, 42 U.S.C. § 3604(b);

c. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, as proscribed by the Fair Housing Act, 42 U.S.C. §3604(c).

d. Maintaining any rules or policies or issuing any documents to owners, occupants, potential buyers or renters, or the public that suggest that families with children are unwelcome at the Subject Property or which otherwise

4

conflict with the spirit and goal of this Consent Order, which is to make housing available to families with children.

    e.    Attempting to qualify the Subject Property as housing for older persons for the term of this Consent Order.

### Adoption, Dissemination, and Public Notice of Familial Status Policy

19.    Within 10 days of the Effective Date of this Consent Order, Respondents shall take the following additional steps to notify residents and the public of the Non-Discrimination Policy and that families with children are welcome to reside at the Subject Property:

    a.    <u>Policy Distribution</u>: Respondents shall provide a copy of the Non-Discrimination Policy to all applicants and tenants of the Subject Property. See Appendix A.

    b.    <u>Brochures</u>: Respondents shall make readily available in their offices to all applicants, tenants, and visitors fair housing informational brochures approved by HUD1.

    c.    <u>Fair Housing Posters</u>: Respondents shall conspicuously display Fair Housing posters, form HUD-928.1 (6/2011)2, inside the rental office of the Subject Property, or any other portion of the Subject Property used by Respondents to conduct business, and in all common areas. All posters shall be at least 8.5 by 11 inches in size.

20.    <u>New Agents and Employees</u>: During the term of this Consent Order, within 30 days of each new agent or employee becoming involved in showing, renting, or managing units at the Subject Property, Respondents shall provide a copy of this Consent Order and the Non-Discrimination Policy to such persons.

### Education and Training

21.    <u>Training</u>: Within 90 days of the Effective Date of this Consent Order, Respondent R. Welch and all managers, agents, and employees involved in the showing, renting, or management at the Subject Property shall undergo training on the Fair Housing Act, with special emphasis on discrimination based on familial status. Should another individual become involved in the showing, renting, or management at the Subject Property during the term of this Consent Order, that individual shall undergo training

---

[1] An example of a brochure approved by HUD can be found at:
https://www.hud.gov/sites/documents/FHEO_BOOKLET_ENG.PDF
[2] The poster may be downloaded from HUD's website at:
http://portal.hud.gov/hudportal/documents/huddoc?id=Fair_Housing_Poster_Eng.pdf

5

on the Fair Housing Act, with special emphasis on discrimination based on familial status, within 30 days of becoming involved. All training must be at least four hours in length and shall be conducted by an independent, qualified third party identified by Respondents and approved in advance by HUD. Any expenses associated with this training shall be borne by Respondents.

22. Training Certificate: Respondents shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificates shall include the name of the course, the date the course was taken, the subject matter covered in the course, and the length of the course or time within which the course was completed. Copies of all certificates must be provided to HUD within 15 days of completing training.

## Affirmative Advertising

23. Advertising Language: Upon the effective date of this Consent Order, Respondents shall ensure that all advertisements related to the Subject Property conspicuously include the phrase "families with children welcome to apply" in a font size that is at least as large as the other text in the advertisements.

## Website Changes

24. Within 15 days of the Effective Date of this Consent Order, Respondents shall remove the phrase "adult condominium community" from the westwoodcove.com website.

## Reporting and Record Keeping

25. Other Fair Housing Discrimination Complaints: During the term of this Consent Order, Respondents shall notify HUD of any formal complaint filed against them with a local, state, or federal agency regarding equal opportunity or discrimination in housing within 10 days of receipt of any such complaint. Respondents shall provide a copy of the complaint with the notification to HUD. Respondents shall also promptly provide HUD with all information HUD may request concerning any such complaint and its actual or attempted resolution.

26. Waitlists: Within 30 days of the Effective Date of this Consent Order, Respondents shall provide to HUD all waitlists, ranking, or ordering of preference of prospective tenants currently in use.

27. Records of Advertising Efforts: Upon the effective date of this Consent Order, Respondents shall maintain an Advertising Log of all advertisements, including verbal or "word of mouth" advertisements, relating to the Subject Property.

   a. The Advertising Log shall include the date, method, place of advertisement, a complete copy of the advertisement, and the unit number that is being

6

advertised. If the advertisement is verbal, the record shall include a description of the content of the verbal communication and note all persons to whom the communication was made.

b. The Advertising Log shall be provided to HUD every 180 days, with the first Advertising Log provided 30 days from the Effective Date of this Consent Order. If no advertisements were made during the applicable reporting period, Respondents shall provide a notice to HUD stating such.

28. <u>Records of Rental Inquiries and Applicants:</u> Respondents shall maintain an Inquiry Log of all rental inquiries and applications, both formal and informal, for the Subject Property.

a. The Inquiry Log shall include the inquiring individual's name, address, phone number, household size, number and ages of children in the household, and the unit number for which they are applying. If an individual declines to provide any requested information, Respondents shall note this refusal in the Inquiry Log.

b. The Inquiry Log shall also include a record of any waitlists, ranking, or ordering of preference of prospective applicants and tenants used by Respondents.

c. The Inquiry Log shall be provided to HUD every 180 days, with the first Inquiry Log provided within 30 days of the Effective Date of this Consent Order. If Respondents received no rental inquiries or applications during the reporting period, Respondents shall provide a notice to HUD stating such.

29. <u>Records of Tenants:</u> Respondents shall maintain a Tenant Log recording all tenants who reside at the Subject Property.

The Tenant Log shall include each individual's name, address and unit number, phone number, household size, and number and ages of children in the household.

The Tenant Log shall be provided to HUD every 180 days, with the first Tenant Log provided within 30 days of the effective date of this Consent Order. If there have been no changes to the Tenant Log during the reporting period, Respondents shall provide a notice to HUD stating such.

7

30. <u>Signage and Brochures:</u> Within 30 days of the receipt of the required signage and brochures from HUD, Respondent shall submit photographs showing the fair housing posters and brochures required by this Consent Order and a written declaration under penalty of perjury that it has complied with Paragraph 19 by displaying Fair Housing posters and brochures in the specified locations.

31. <u>Preservation of Records:</u> During the term of this Consent Order, Respondents shall preserve all records relating to their obligations under this Consent Order. Representatives of HUD shall be permitted, upon providing reasonable notice to Respondents, to inspect and copy all records related to Respondents' obligations under this Consent Order.

## VI.    MUTUAL RELEASE

32. In consideration of the execution of this Consent Order, and other good and valuable consideration, Complainant hereby forever waive, release and covenant not to sue Respondents, their successors, assigns, agents, employees and attorneys with regard to any and all claims, damages, and injuries of whatever nature whether presently known or unknown, with respect to the Complaint arising out of the subject matter of HUD Office of Hearings and Appeals Case Number 19-AF-0187-FH-019, HUD FHEO Case Number 08-19-9091-8, or which could have been filed in any action or suit arising from said subject matter, except for any suit that may be necessary to enforce the provisions of this Consent Order.

33. In consideration of the execution of this Consent Order, Respondents hereby forever waive, release, and covenant not to sue HUD, its successors, assigns, agents, employees and attorneys with regard to any and all claims, damages and injuries of whatever nature whether presently known or unknown, arising out of the subject matter of HUD Office of Hearings and Appeals Case Number 19-AF-0187-FH-019, HUD FHEO Case Number 08-19-9091-8, or which could have been filed in any action or suit arising from said subject matter, except for any suit that may be necessary to enforce the provisions of this Consent Order.

## VII.    NON-RETALIATION

34. Respondents acknowledge that they have an affirmative duty not to discriminate under the Act, and that it is unlawful to retaliate against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Act. Respondents further acknowledge that any subsequent retaliation or discrimination constitutes both a material breach of this Consent Order and a statutory violation of the Act.

## VIII.    ADMINISTRATION

8

### Scope and Duration of Consent Order

35.  The provisions of this Consent Order shall apply to all the Respondents, their employees, agents, successors, and all persons acting in active concert or participation with them.

36.  The Effective Date of this Consent Order is the date that it becomes final. This Consent Order is entered pursuant to the Fair Housing Act, 42 U.S.C. § 3612(g)(3) and shall become final upon the expiration of 30 days from the date of its issuance or by confirmation of the Secretary within that time. See 42 U.S.C. § 3612(h).

37.  This Consent Order shall remain in effect for a period of three years from its Effective Date.

38.  Upon this Consent Order becoming final, the Charge is dismissed with prejudice and the HUD Administrative Law Judge shall only retain jurisdiction over the terms of this Consent Order and not the subject matter of the underlying Charge.

39.  The signatures of the parties to this Consent Order constitute a waiver of any right to withdraw their consent during the 30-day Secretarial review period and a waiver of any right to challenge the validity of this Consent Order at any time.

### Notices

40.  All notifications and documentations of compliance with Paragraphs 26-31 and all correspondence shall be sent by FedEx, UPS, or U.S. Mail, certified and return receipt requested, to:

Amy Frisk
Region VIII Director
U. S. Dept. of Housing & Urban Development
Office of Fair Housing and Equal Opportunity, Region VIII
1670 Broadway, 25th Floor
Denver, CO 80202

[The remainder of this page is intentionally left blank]

## SIGNATURE PAGE

The parties acknowledge that they have read this Consent Order and they voluntarily sign it with a full understanding of the rights it confers and the responsibilities it imposes on them.

RESPONDENTS:

David B. Welch
1412 West Gunnison Avenue # 32
Gunnison, CO 81230

01-07-20

Date

John H. Welch
1414 West Gunnison Avenue # 22
Gunnison, CO 81230

01-20-20

Date

Ruth E. Welch
1416 West Gunnison Avenue # 21
Gunnison, CO 81230

12-30-19

Date

## SIGNATURE PAGE

The parties acknowledge that they have read this Consent Order and they voluntarily sign it with a full understanding of the rights it confers and the responsibilities it imposes on them.

COMPLAINANT:

_Veronica Barela_                                                    1-16-2000

Veronica Barela                                                      Date
Acting Executive Director
Denver Metro Fair Housing Center
3280 Downing Street, Suite B
Denver, CO 80205

## SIGNATURE PAGE

The parties acknowledge that they have read this Consent Order and they voluntarily sign it with a full understanding of the rights it confers and the responsibilities it imposes on them.

CHARGING PARTY:

01/21/2020

Matthew Mussetter                                    Date
Regional Counsel, Region VIII
U.S. Department of Housing & Urban Development
1670 Broadway
Denver, CO 80202

## ORDER OF THE COURT

In accordance with 24 C.F.R. § 180.450, the Administrative Law Judge shall accept a settlement agreement agreed to by the parties if he finds the agreement to be in the public interest, by issuing an Initial Decision and Consent Order. The foregoing order was presented to the undersigned for approval on January 22, 2020. The proposed order does not incorporate information such as facts or stipulations necessary for the Court to determine whether the settlement is "in the public interest." However, after considering the record in entirety, including the *Charge* and the *Answer*, the undersigned ALJ has independently determined that the agreement between the parties does not offend the public interest and is approved. All parties have given their consent and signed the agreement incorporated in the foregoing Consent Order, which is hereby accepted and issued.

So **ORDERED** this 23rd day of January, 2020.

Alexander Fernández
Administrative Law Judge

## APPENDIX A

## Non-Discrimination Policy
## Westwood Cove

It is the policy of Westwood Cove to comply with the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.,* by ensuring that dwelling units are available to all persons without regard to race, color, national origin, religion, sex, disability, and familial status (the presence of children under age 18 years or being pregnant). Any prior or conflicting policies or statements are void. This policy means that, among other things, WestWood Cove, LLC, John H. Welch, David B. Welch, Ruth E. Welch, and all other owners, principals, agents, employees, and members must not discriminate because of familial status against applicants, renters, or owners in any aspect of the rental, purchase, or occupancy of dwellings at Westwood Cove. Westwood Cove makes all dwelling units available to all prospective renters and buyers without regard to familial status and does not interfere with anyone's use or enjoyment of the property on the basis of familial status. Westwood Cove and its owners, principals, agents, employees and members may not:

A. Prohibit a family with children from living at Westwood Cove because of the presence of children in the household;

B. Refuse to sell or rent after the making of a bona fide offer, or refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny a dwelling to any person because of familial status;

C. Discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status, including but not limited to, applying fines or charging additional rent and/or fees based on the presence of or the number of children in a household;

D. Make, print, or publish or cause to be made, printed or published any notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination;

E. Intimidate, coerce, threaten or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or an account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right under the Fair Housing Act.

## CERTIFICATE OF SERVICE

I hereby certify that copies of this <u>corrected</u>[1] **INITIAL DECISION AND CONSENT ORDER** issued by Alexander Fernández, Administrative Law Judge, in HUDOHA 19-AF-0187-FH-019, were sent to the following parties on this 3rd day of February 2020, in the manner indicated:

Iamanadette Jones, Staff Assistant

**VIA EMAIL**

**RESPONDENTS:**

David B. Welch
ruth@westwoodcove.com

John H. Welch
ruth@westwoodcove.com

Ruth E. Welch
ruth@westwoodcove.com

**COMPLAINANTS' REPRESENTATIVE:**

Kevin Marchman, Executive Director
kmarchman@dmfhc.org

**OFFICIALS:**

William "Trey" Edwards
U.S. Department of Housing and Urban
  Development
trey.edwards@hud.gov

Kathleen M. Pennington
kathleen.m.pennington@hud.gov

David H. Enzel
david.h.enzel@hud.gov

---

[1] The thirteenth page of the *Initial Decision and Consent Order* distributed on January 23, 2020, consisted of a blank signature box under a paragraph entitled "ORDER OF THE COURT" that had not actually been approved by the Administrative Law Judge. This page is not part of the *Initial Decision and Consent Order* and should not have been included in the January 23 issuance. This corrected copy is being issued to rectify the error.